**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CARRIE L. CHANDLER PENA,**

                                    **Plaintiff,**

        **v.**                                              **1:03-CV-0564**
                                                              **(GLS/RFT)**

**BRION D. TRAVIS, GLENN S. GOORD,**
**JOHN DOES No. 1-10,**

                                    **Defendants.**
_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**

CARRIE L. CHANDLER PENA
Plaintiff, *Pro Se*
P.O. Box 4422
New York, NY 10163

**FOR THE DEFENDANTS:**

HON. ELIOT SPITZER                  CHARLES J. QUACKENBUSH
Attorney General                    Assistant Attorney General
State of New York
Albany Office
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

### I. Introduction

Pending under Rule 60(b)(6) of the Federal Rules of Civil Procedure is *pro se* plaintiff Carrie Chandler Pena's motion for relief from this court's judgment dismissing Pena's civil rights complaint for failure to state a claim. The defendants have renewed their request that the court enjoin Pena from filing future lawsuits under 28 U.S.C. § 1651. For the following reasons, Pena's motion is DENIED. Defendants' request for injunctive relief is likewise DENIED.

### II. Background

Pena commenced the underlying action pursuant to 42 U.S.C. § 1983 on May 7, 2003, alleging that the defendants "constructively imprisoned" her in violation of her Fourteenth Amendment rights and retaliated against her for previously filed lawsuits. *See Compl., Dkt. No. 1.* Specifically, Pena contended that she was subjected to inactive parole supervision beyond her maximum expiration (ME) date by virtue of the Department of Correctional Services (DOCS) website's failing to report a separate Parole Board release date. On July 16, the defendants moved to dismiss Pena's complaint under Rule 12(b)(6), and sought injunctive relief under 28 U.S.C.

§ 1651 precluding Pena from filing future lawsuits without prior leave of the court. *Dkt. Nos. 7, 8.* By letter dated July 2, 2004, almost one year after the motion to dismiss was filed, Pena sought permission to amend her complaint in order to add unrelated allegations to her lawsuit. *Dkt. No. 19.*

On July 13, 2004, the court granted the defendants' Rule 12(b)(6) motion, denied injunctive relief, denied Pena leave to amend, and entered judgment dismissing Pena's complaint. *Dkt. Nos. 22, 23.* Pena filed a notice of appeal to the Court of Appeals for the Second Circuit on August 5. *Dkt. No. 24.* She filed the subject motion on January 10, 2005. *Dkt. No. 27.* The defendants filed their opposition on February 2. *Dkt. No. 30.*[1] On April 20, the defendants informed the court that Pena's appeal before the Second Circuit had been dismissed for her failure to comply with the Circuit's scheduling order.[2] *Dkt. No. 34.* The Circuit's mandate dismissing

---

[1]On January 19, 2005, the defendants sought an extension for their opposition, which the court granted on January 21. *Dkt. Nos. 28, 29.* On March 11, Pena filed a letter-motion seeking to have the defendants' opposition stricken as a sanction for their counsel's failure to serve the papers to Pena's correct address. *Dkt. No. 32.* Pena cited this incident as further violation of her constitutional rights and of her "litigational right" to file a reply. The court does not discern in the defendants' omission any bad faith warranting the sanction requested. Moreover, the filing of reply papers by Pena was not contemplated as necessary, and no date was set therefor in the court's order approving the defendants' request for extension. The absence of a reply from Pena has not prejudiced her in the court's review of the merits of her motion.

[2]Attached to the defendants' letter was a copy of the Second Circuit's docket sheet, showing that Pena's appeal was dismissed on April 15, and that Pena's brief had been due on January 17, or seven days after Pena filed the subject motion.

Pena's appeal was received on April 22.  *Dkt. No. 35.*

### III. <u>Facts</u>

For purposes of the present disposition, the court assumes familiarity with the summary of factual allegations and contentions outlined in its July 13, 2004 decision.  *Dkt. No. 22.*

### IV. <u>Discussion</u>

#### A. <u>Rule 60(b) Motion</u>

Pena appears to seek relief on two grounds.  She first asks the court to vacate its prior judgment and accept her amended complaint, to which she claims entitlement as of right under Rule 15.  Alternatively, she contends that allowing her to file an amended complaint would comport with the rationale of achieving substantial justice underlying both Rules 60(b)(6) and 15.  Pena's arguments lack merit.

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  FED. R. CIV .P. 15(a).  However, before the court can entertain Pena's Rule 15 argument, it must determine whether she is entitled to relief under Rule 60(b).  "[O]nce judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to ... [Rule] 60(b)."  *Nat'l Petrochem. Co. of Iran v. M/T*

4

*Stolt Sheaf*, 930 F.2d 240, 244 (2d Cir. 1991) (citation omitted).  "Unless

there is a valid basis to vacate the previously entered judgment, it would be

contradictory to entertain a motion to amend the complaint."  *Id.* at 245.

Because, as explained below, Pena has failed to establish that she is

entitled to relief under Rule 60(b), her request for leave to file an amended

complaint is denied as moot.

Rule 60(b) is used to achieve "substantial justice ... yet final

judgments should not be lightly reopened."  *Nemaizer v. Baker*, 793 F.2d

58, 61 (2d Cir. 1986) (citation omitted).  Rule 60(b) "allows extraordinary

judicial relief," *Nemaizer*, 793 F.2d at 61, and "[a] motion for relief from

judgment [under Rule 60(b)]  is generally not favored and is properly

granted only upon a showing of exceptional circumstances."  *United States

v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).  The court

must balance a party's interest in pursuing the merits of her claims against

society's interest in finality.  *See Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d

6, 9 (2d Cir. 1987).   A party may not use Rule 60(b) to relitigate the merits

of her claim.  *See Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989);

*Mastini v. Am. Tel. & Tel. Co.*, 369 F.2d 378, 379 (2d Cir. 1966). "An

argument based on hindsight regarding how the movant would have

5

preferred to have argued [her] case does not provide grounds for Rule

60(b) relief ...." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1147 (2d

Cir. 1994) (citations omitted).  Importantly, a Rule 60(b) motion is not a

substitute for an appeal.  *See Browder v. Dir., Dep't of Corr.*, 434 U.S. 257,

263 & n.7 (1978); *Hood v. Hood*, 59 F.3d 40, 42 (6th Cir. 1995).  The

decision whether to grant a motion to vacate is within the "sound discretion"

of the district court.  *Nemaizer*, 793 F.2d at 61.  The party seeking relief

has the burden of proof.  *Teamsters*, 247 F.3d at 391.

Pena has failed to satisfy the basic requirements for Rule 60(b) relief.

While nominally relying on Rule 60(b)'s general remedial purpose, her

argument is an attempt to revive her contention (albeit now somewhat

more developed since first presented in her July 2, 2004 letter-motion) that

she should be allowed, under Rule 15(a), to add factual allegations in

support of her original claims.  This argument has already been presented

to and rejected by the court.  The reason initially stated by Pena was that

she had recently discovered that a parole officer not assigned to her case

may have requested information on her from a shelter she had stayed in.

This allegation was completely unrelated to her allegations about the

information on the DOCS website initially, and remains so now.  As such, it

is insufficient to salvage her frivolous claims of constitutional rights violations.[3]  Generally, consistent with Rule 15(a), a district court should not dismiss a *pro se* complaint without granting leave to amend at least once when a liberal reading of the complaint suggests that a valid claim might be stated.  *See Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002) (citation omitted).  However, the court can deny leave to amend where it is "beyond doubt that the plaintiff can prove no set of facts in support of [her] amended claims."  *Pangburn v. Culbertson*, 200 F.3d 65, 70-71 (2d Cir. 1999) (internal quotations, citations omitted).  Moreover, the court has the inherent power to dismiss without leave to amend or replead in "extraordinary circumstances, such as where ... the substance of the claim pleaded is frivolous on its face ...."  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted).  As this court's July 13, 2004 opinion made clear, such was exactly the case here.  Accordingly, because the court has

---

[3]The court has granted Pena the benefit of liberal pleading interpretation afforded *pro se* litigants.  It has reviewed Pena's proposed amended complaint for any indication that the new allegations might lend any support to her original claims, in turn warranting vacatur and permission to amend.  *See Nat'l Petrochem. Co.*, 930 F.2d at 244 ("it might be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment").  Upon review, the gravamen of the new allegations is that at some time during 1998, a parole officer not assigned to Pena left a note with his name and contact telephone number at a shelter.  Such allegations, and the speculative inferences drawn by Pena therefrom, are insufficient to support a constitutional rights violation claim.

already considered and denied Pena's request to file an amended

complaint (and underlying rationale) in its original decision, it will not

entertain her renewed argument for a second time.[4]  Pena may use this

motion neither as an opportunity to reargue her original points, nor as a

surrogate for the appeal she took and has apparently failed to pursue.

Pena has also failed to satisfy requirements specific to Rule 60(b)(6).

That Rule provides, in relevant part, that "on such terms as are just, the

court may relieve a party ... from a final judgment, order or proceeding for

... (6) any other reason [not specifically set forth in preceding subsections

(1) through (5)] justifying [such] relief ...."  FED. R. CIV. P. 60(b).  A Rule

60(b)(6) motion "shall be made within a reasonable time."  *Id.*  Moreover,

relief under this rule "is appropriate only in cases presenting 'extraordinary'

circumstances."  *First Fid. Bank, N.A. v. Gov't of Antigua & Barbuda -*

*Permanent Mission*, 877 F.2d 189, 196 (2d Cir. 1989); *see Ackermann v.*

---

[4]There is also no merit to Pena's suggestion that she is entitled to relief solely because she would have been entitled to file an amended complaint as of right under Rule 15(a).  While she certainly could have filed her amended complaint (the defendants had filed a pre-answer motion) without seeking leave of the court prior to judgment, Pena failed to do so, electing instead to seek permission from the court.  Her request was denied and final judgment entered.  "The court will not allow a plaintiff to amend [her] complaint after final judgment [without first addressing the Rule 60(b) motion] because, once final judgment has been entered, the complaint is merged into the judgment and, therefore, the court no longer has subject matter jurisdiction to review the complaint."  *Fed. Deposit Ins. Corp. v. Weise Apartments*, 192 F.R.D. 100, 103 (S.D.N.Y. 2000) (citing *Paganis v. Blonstein*, 3 F.3d 1067, 1072 (7th Cir. 1993)).

*United States*, 340 U.S. 193, 199 (1950).  Pena has not shown that her motion is brought within a reasonable time, and has failed to allege any extraordinary circumstances.  Pena waited almost six months to file a motion based on a previously-rejected rationale.  The court can also find no rational explanation for Pena's filing occurring seven days before her brief was due on appeal.

Although she does not do so directly, Pena appears to suggest that the court erred in not permitting her to amend her complaint prior to dismissal.  To the extent she may be claiming that the court committed legal error, such argument should have been presented under Rule 60(b)(1).  *See In re 310 Assocs.*, 346 F.3d 31, 35 (2d Cir. 2003); *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977); *Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir. 1964).[5]  Pena's bold assertion that justice requires that she be given another opportunity to test her allegations is insufficient, and she does not point to an error of law committed by this

_____

[5]Under these circumstances, Pena's motion under Rule 60(b)(6) would have been improper.  Rule 60(b)(6) is not to be used "if there is any other reason [under categories (1) through (5)] justifying relief from the judgment."  *See Maduakolam v. Columbia Univ.*, 866 F.2d 53, 55-56 (2d Cir. 1989)  The Second Circuit has held that "Rule 60(b)(1) and 60(b)(6) are mutually exclusive, so that any conduct which generally falls under the former cannot stand as a ground for relief under the latter." *United States v. Cirami*, 535 F.2d 736, 740 (2d Cir. 1976) (quotation omitted).

court that would conceivably entitle her to relief.

Pena's proposed amended complaint includes two new causes of action and names two additional defendants.  The allegations supporting her new claims are completely unrelated to the facts and theories in her original complaint and do not form a proper basis for the court's consideration of her Rule 60(b) argument.  Even if the court were to consider them, it would *ab initio* find them to be frivolous, without merit, and subject to *sua sponte* dismissal, rendering amendment futile.  *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000).  Upon review, Pena has amassed a litany of expansive, vague and conclusory allegations of conspiracy to sabotage her prior civil suits, violations of state freedom of information law, even discovery disputes and alleged destruction of evidence in Pena's prior suits, none of which can support a viable cause of action for violation of federal constitutional rights.

Accordingly, based on the above, Pena has failed to establish that she is entitled to relief under Rule 60(b), and her motion to vacate is DENIED.  Consequently, her motion for leave to file an amended complaint

10

is DENIED.

### B. Injunctive relief under 28 U.S.C. § 1651

Defendants' request for injunctive relief against Pena is DENIED for the reasons articulated in the court's July 13, 2004 decision, with the following caveat.  Given Pena's insistence on pursuing old claims devoid of any merit, her attempt to assert equally frivolous new claims, and in light of her apparent abandonment of her appeal before the Second Circuit, which casts serious doubt on her good faith in filing this motion, this is Pena's FINAL WARNING that any subsequent frivolous filing in this District may well result in appropriate sanctions, including a filing injunction under 28 U.S.C. § 1651.


**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Pena's motion to vacate is **DENIED**; it is further

**ORDERED** that Pena's motion for leave to amend is **DENIED**; it is further

**ORDERED** that the defendants' renewed request for injunctive relief is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order

upon the parties.

     Dated:      August 2, 2005
                 Albany, New York

                                          United States District Court Judge